IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC STEPHENSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 22-614-CFC |
| | ) |
| BANK OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

Eric Stephenson, Newark, Delaware, Pro se Plaintiff.

Geoffrey Graham Grivner, Esquire, Buchanan Ingersoll & Rooney PC, Wilmington, Delaware.   Counsel for Defendant.

**MEMORANDUM OPINION**

March 27, 2023
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

On May 9, 2022, Plaintiff Eric Stephenson, who appears *pro se* and has paid the filing fee, commenced this employment discrimination action, pursuant to the Title VII of the Civil Rights of 1964, as amended. (D.I. 1, 3) Before the Court is Defendant's motion to dismiss the Complaint. (D.I. 7) The matter is fully briefed.

## I. BACKGROUND

The following facts are taken from the Complaint and are assumed to be true for purposes of deciding the pending motion. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). In March 2021, Plaintiff had an interview via Zoom with Seth White, an employee of non-party recruiting agency Collabera. (D.I. 1-1 at 3; D.I. 3 at 1) The interview was for a position as a "Sales Force Architect" with Defendant Bank of America. (D.I. 1-1 at 3; D.I. 3 at 1) At the end of the call, White told Plaintiff "that 'it's rare to hire US citizens' for a 'Salesforce Architect' Leadership role in the 'small business / wealth management space' at BOA's Texas location." (D.I. 3 at 1) About two weeks later, Plaintiff was informed that "the manager decided to move forward with another candidate" for the position. (D.I. 1-1 at 3) Plaintiff claims that he was not hired because of his race (Caucasian) and national origin (the United States).

1

(D.I. 1 at 1-3; D.I. 3 at 1)[1] Plaintiff also alleges that he applied for two more positions in March and April 2021. (D.I. 3 at 1)

In its motion to dismiss, Defendant argues that Plaintiff failed to state an employment-discrimination claim because he failed to explain the circumstances of White's alleged statement such that it would implicate Defendant's culpability in discriminating against him. (D.I. 7, 8) In his response, Plaintiff asserts some new allegations. (D.I. 9) As relevant, Plaintiff alleges that, after White described the job details to him, Plaintiff "verbally responded with examples of similar work experiences to show he was qualified for the job at BOA." (*Id.* at 7) Additionally, Plaintiff alleges that all his other communications regarding the position were with another Collabera employee named Krishna Gurjar, who sent Plaintiff a request to apply and "the Right to Represent," set up the meeting with White, and notified Plaintiff of "the rejection." (*Id.*) Finally, Plaintiff alleges that the "Right to Represent" was "a contract where the Plaintiff . . . agreed with Collabera's Recruiters to give, Collabera the right to represent [him] to Bank of America for Titled Job Salesforce Architect." (*Id.*) In its reply, Defendant notes

---

[1] In his EEOC complaint, in addition to claiming discrimination based on his race and national origin, Plaintiff cited his age (45) as a basis for the alleged discrimination. (D.I. 1-1 at 3) But he has not claimed discrimination based on his age in this Court, and he has not supported such a claim with any relevant factual allegations.

2

that Plaintiff's response confirmed that he interacted only with Collabera's employees, rather than employees of Defendant. (D.I. 10 at 4) Plaintiff later filed a document titled "More Complaint Job Clarification & Exhibits," in which he appeared to clarify that he applied directly through Defendant's website for the two additional positions referenced in his Complaint, which were the same or similar to the position for which he applied via Collabera, and his candidacy did not advance. (D.I. 14)

## II.   LEGAL STANDARDS

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the

3

elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DISCUSSION

Establishing a prima facie employment-discrimination claim for failure to hire requires a plaintiff to adequately allege that: (1) he belongs to a protected class; (2) he had the requisite qualifications for the position; (3) despite his qualifications, he was not hired; and (4) after his rejection, the position remained

4

open, or was filled in a manner giving rise to an inference of discrimination. *See Sarullo v. United States Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003) (per curiam). "[F]or purposes of pleading sufficiency," however, "a complaint need not establish a *prima facie* case in order to survive a motion to dismiss." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 788 (3d Cir. 2016) (footnote omitted). This is so because "[a] *prima facie* case is 'an evidentiary standard, not a pleading requirement,' and hence is 'not a proper measure of whether a complaint fails to state a claim.'" *Id.* at 789 (quoting *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510 (2002), and *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009)). The post-*Twombly* pleading standard, rather than requiring the establishment of a *prima facie* case, "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Id.* (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (alteration original).

Here, the statement attributed to White, that it is rare for Defendant to hire United States citizens in the position for which Plaintiff applied, appears merely to be White's anecdotal commentary, informed or ill-informed, about a hiring pattern he believes to have observed from Defendant. This statement, by an employee of non-party Collabera, is simply too lacking in context to be attributed to Defendant

5

in any legally significant way. For this reason, the Complaint fails to state a claim for employment discrimination against Defendant.

As noted, Plaintiff's allegations continued to evolve in later filings. The general rule is that a complaint may not be amended through an opposition brief, and new facts may not be considered by a court ruling on a motion to dismiss. *See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

Even were the Court to consider Plaintiff's new allegations, asserted in response to the motion to dismiss and in the "More Complaint Job Clarification & Exhibits" filing, they would not save his claim. To the contrary, his new allegations underscore the shortcomings of the claim.

Plaintiff's new allegations help contextualize White's comment, but not in a manner that helps his case. The fairest reading of all of Plaintiff's allegations together is as follows. He interviewed with Collabera, a third-party recruiter, for consideration to be put forth to Defendant as a potential candidate for a position as a Sales Force Architect. To this end, Plaintiff signed a "Right to Represent" contract permitting Collabera to advocate for his candidacy—provided, of course, that Collabera deemed him to be a viable candidate for the position following an

interview. Following the interview with White, however, another Collabera employee, Gurjar, advised Plaintiff that a manager in Collabera, possibly even White himself, had decided that Plaintiff would not be put forth to Defendant as a candidate.

A reasonable inference may be drawn from Plaintiff's allegations that Collabera came to this conclusion based on *White's* apparent perception that Defendant rarely hires United States citizens for the position. But attributing Collabera's decision to not move forward with Plaintiff's candidacy to discrimination on the part Defendant, who played no role in the decision, is simply too attenuated to state a claim.[2]

Perhaps an inference could have been drawn from the allegations in Complaint that Collabera was directly tasked with conducting all of Defendant's hiring, thus possibly establishing a link between White's alleged statement and Defendant. Plaintiff, however, made clear in the "More Complaint Job Clarification & Exhibits" filing, that applicants can apply directly through Defendant's website for the same or similar positions rather than through a third-party recruiter like Collabera.

---

[2] Plaintiff's claim that Defendant discriminated against him based on his race fails for the same fundamental reason that his claim based on national origin fails—there are no plausible factual allegations suggesting that his candidacy was ever presented to Defendant.

7

As described above, Plaintiff has already effectively amended the Complaint twice in responding to Defendant's motion to dismiss, and the amendments have made Defendant's lack of culpability clear. Accordingly, the Court concludes that a third amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 111 (3d Cir. 2002).

## IV. CONCLUSION

For the reasons discussed above, the Court will grant Defendant's motion to dismiss.

The Court will issue an Order consistent with this Memorandum Opinion.